UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JOSÉ VASQUEZ, | ) | CASE NO. 4:08 CV 0369 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| | ) | <u>AND ORDER</u> |
| J.T. SHARTLE, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

On February 14, 2006, <u>pro se</u> petitioner José E. Vasquez filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Vasquez, who was incarcerated at the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton) at the time the petition was filed, brings this action against Warden J.T. Shartle at F.C.I. Elkton.[1] He asserts he received ineffective assistance of counsel.

---

[1] Since filing this petition, Mr. Vasquez has been transferred to Moshannon Valley Correctional Institution in Philipsburg, Pennsylvania. A habeas petitioner's transfer does not affect this court's subject matter jurisdiction over the case. <u>See</u> <u>Cohen v. United States</u>, 593 F.2d 766, 767 n. 2 (6th Cir.1979).

*Background*

On February 27, 1997, a federal grand jury sitting in the Southern District of Florida returned an indictment charging petitioner and his brother, Maximo Vasquez, with conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (Count I); and two counts of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Counts II and IV). José was charged individually with an additional count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841 (a)(1) and 18 U.S.C. § 2 (Count III). On July 22, 1997, the Vasquezes filed a motion to substitute attorney Melvin Black for their previously appointed separate attorneys. The government filed a motion for a conflict hearing, which was held on July 30,1997. The court granted the Vasquezes' motion to substitute counsel and found that each brother "individually, separately, intelligently, freely, clearly and unequivocally waived the right to be represented by other conflict free counsel."[2] A jury trial commenced on April 7, 1998 and continued through April 15,1998, at which time the jury found both Vasquezes guilty on all counts.

On July 24, 1998, the court sentenced each Vasquez to 235 months of imprisonment to be followed by five years of supervised release. They filed timely notices of appeal and raised three issues in their briefs: (1) whether there was a <u>Brady</u> violation in the information provided on rebuttal witness Cecilia Gomez; (2) whether Rule 404(b) evidence was improperly admitted; and (3) whether admission of the case agent's testimony on the meaning of code words used by the defendants was reversible error. Their convictions were affirmed by the Eleventh Circuit. <u>United</u>

---

[2]This information was obtained from the records of the District Court for the Southern District of Florida, of which this Court is permitted to take judicial notice. <u>United States v. Rigdon</u>, 459 F.2d 379, 380 (6th Cir.1972).

States v. Vasquez, 198 F.3d 262 (11th Cir. Sep. 28, 1999) (table).

Both Vasquez brothers filed motions pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct their sentences on June 19, 2000. Petitioner argued that (1) he received ineffective assistance of counsel by virtue of attorney conflict of interest in joint representation and by his failure to provide an interpreter at counsel table during trial and Spanish translations of all documents; (2) denial of due process, equal protection of the law, and access to courts by virtue of not receiving documents relating to the case in Spanish, his inability to communicate with counsel during trial because no translator was available at the defense table, and the lack of legal research and legal assistance for non-English speaking inmates; and (3) ineffective assistance of counsel which resulted in denial of due process due to prosecutorial delay in obtaining the indictment, causing him prejudice through the disappearance of two defense witnesses.

On April 25, 2001, the magistrate judge issued a joint report and recommendation that both Vasquez motions be denied. The brothers filed identical objections to the magistrate judge's report and recommendation. The district court adopted the report and recommendation of the magistrate judge and denied the § 2255 motions. Both brothers filed notices of appeal and requests for certificates of appealability. The district court initially denied their requests without prejudice to their filing new requests describing the issues upon which they wished to appeal.

The Vasquezes filed new motions for certificates of appealability and the district court issued certificates of appealability on a limited number of issues. Timely notices of appeal followed. The Eleventh Circuit subsequently affirmed the district court's decision. Vasquez v. United States, 45 Fed.Appx. 884, (11th Cir. July 9, 2002) (table). José's petition for writ of certiorari to the United States Court of Appeals for the Eleventh Circuit was denied by the Supreme Court on

3

April 21, 2003. Vasquez v. United States, 538 U.S. 994 (2003).

*Analysis*

In his present petition, Mr. Vasquez maintains that he received ineffective assistance of counsel because of a conflict of interest. He maintains that his remedy under 28 U.S.C. § 2255 is inadequate to address his claims because the trial court "refused to address these issues" in the motion to vacate he previously filed pursuant to 28 U.S.C. § 2255.

*28 U.S.C. § 2241*

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, see Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Cabrera v. United States, 972 F.2d 23, 25-26 (2d Cir.1992); Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979), and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977). The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. See Bradshaw, 86 F.3d at 166.

In his petition before this court, Mr. Vasquez directly attacks his conviction based on the assertion that he received ineffective assistance of counsel. This is a matter for which a prisoner should seek relief through a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is

4

confined." Johnson v. Taylor, 347 F.2d 365, 366 (10th Cir.1965). If, however, a prisoner sets forth that relief under § 2255 is inadequate or ineffective to test the legality of his detention, § 2255 does provide a safety valve wherein a federal prisoner may bring a § 2241 claim challenging his conviction or imposition of sentence. United States v. Hayman, 342 U.S. 205, 223 (1952); In re Hanserd, 123 F.3d 922, 929 (6th Cir.1997).

The courts have clarified that § 2255 is not considered inadequate or ineffective merely because an individual is unable to obtain relief under that provision. See e.g., Charles v. Chandler, 180 F.3d 753, 756 (6th Cir.1999) (per curiam). Moreover, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, see In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.1997), Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988), or because the petitioner is procedurally barred from pursuing relief under § 2255, see In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); Garris v. Lindsay, 794 F.2d 722, 726-27 (D.C.Cir.) (per curiam), cert. denied, 479 U.S. 993 (1986), or because the petitioner has been denied permission to file a second or successive motion to vacate. See In re Davenport, 147 F.3d 605, 608 (7th Cir.1998).

Mr. Vasquez's explanation for why his relief under § 2255 remedy is inadequate or ineffective does not entitle him to § 2241 review by this court. By all accounts, this is the petitioner's attempt to use § 2241 to obtain another bite at the post-conviction apple with regard to his claim that he received ineffective assistance of counsel. His claim is not based on any new facts or law, and the District Court for the Southern District of Florida already decided against him on the merits of his ineffective assistance claim in a previous § 2255 action. Considering the fact that the trial court rejected any claim that his attorney is responsible for an allegedly unlawful conviction,

5


there is no basis upon which this court can revisit that determination. Finally, although a § 2255 motion would be the proper vehicle for challenging the validity of a conviction and sentence under these circumstances, this court declines to construe the petition as such.[3]

Based on the foregoing, the petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: July 31, 2008                    /s/ John R. Adams
                                        JOHN R. ADAMS
                                        UNITED STATES DISTRICT JUDGE

---

[3] In In re Shelton, 295 F.3d 620 (6th Cir.2002), the Sixth Circuit held that, with regard to pro se litigants in particular, "'[D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.'" Id. at 622 (quoting Adams v. United States, 155 F.3d 582, 584 (2d Cir.1998)). Unless such a warning is provided, a re-characterized § 2255 motion must not be counted against the prisoner for purposes of the bar on successive motions.